# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**ANGELA J. DWYER,**

        Plaintiff,

**v.**                                              **CIVIL ACTION NO.: 3:24-CV-56 (GROH)**

**ALLIED UNIVERSAL,**

        Defendant.

## ORDER GRANTING THE DEFENDANT'S MOTION TO DISMISS

Pending before the Court is the Defendant's Motion to Dismiss Plaintiff's Complaint. ECF No. 8. Therein, the Defendant requests the Court dismiss this action because the Plaintiff's complaint fails to state a claim upon which relief can be granted. Id. On June 7, 2024, the Plaintiff filed a response in opposition [ECF No. 35], and the Defendant filed a reply [ECF No. 38] on June 12, 2024. Accordingly, the matter is ripe for review. For the below reasons, the Defendant's Motion is granted.

## I. BACKGROUND

The *pro se* Plaintiff, Angela J. Dwyer, initiated this case by filing a complaint in the Circuit Court of Berkeley County, West Virginia on March 28, 2024. ECF No. 1-1. Therein, the Plaintiff asserts two causes of action: "discrimination and retaliation . . . in violation of Title VII of the Civil Rights Act of 1964 based on Race." Id. at 1. As redress for the alleged violations of Title VII, the Plaintiff seeks (1) reinstatement to her prior position or a

higher one;[1] (2) $74,000 in back pay; and (3) $190 million in compensatory and punitive damages. Id. at 4.

On May 10, 2024, the Defendant removed the action to this Court. ECF No. 1; see also 28 U.S.C. § 1446(d). Thereafter, the Defendant filed its Motion to Dismiss Plaintiff's Complaint. ECF No. 8. Upon the Court advising the Plaintiff of her obligation to respond to the Defendant's Motion, see ECF No. 32, the Plaintiff submitted a response in opposition on June 7, 2024. ECF No. 35. On June 12, 2024, the Defendant filed its reply. ECF No. 38.

## II. LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to challenge the complaint's sufficiency in this regard by moving to dismiss a complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although the pleading standard under Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'

---

[1] The Court interprets the Plaintiff's request for reinstatement as implying she is not currently employed by the Defendant, despite the Plaintiff having neglected to specify whether she or the Defendant terminated her employment. Notably, in correcting a scrivener's error, the Defendant avers the "Plaintiff later separated from employment on or about October 6, 2022," which indicates the Plaintiff terminated her employment. ECF No. 8-1 at 2 n.2.

Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Id. (quoting Twombly, 550 U.S. at 555, 557).

When reviewing a Rule 12(b)(6) motion, courts assume the complaint's well-pleaded allegations are true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff. Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999). Only factual allegations receive the presumption of truth. Iqbal, 556 U.S. at 678–79. A court may also consider facts derived from sources beyond the four corners of the complaint, including documents attached to the complaint, documents attached to the motion to dismiss "so long as they are integral to the complaint and authentic," and facts subject to judicial notice under Federal Rule of Evidence 201. Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

*Pro se* complaints are subject to this standard as well. "When reviewing a pro se complaint, federal courts should examine carefully the plaintiff's factual allegations, no matter how inartfully pleaded, to determine whether they could provide a basis for relief." Armstrong v. Rolm A. Siemans Co., 129 F.3d 1258, at *1 (4th Cir. 1997) (citing Gordon v. Leake, 574 F.2d 1147, 1151 (4th Cir. 1977)). It is also appropriate for federal courts to look beyond the face of the complaint to allegations made in additional materials filed by the *pro se* plaintiff when determining whether a motion to dismiss should be granted. Id.

"In the context of a Title VII case, 'an employment discrimination plaintiff need not plead a prima facie case of discrimination' to survive a motion to dismiss." Bing v. Brivo Sys., LLC, 959 F.3d 605, 616 (4th Cir. 2020) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515 (2002)). Rather, a Title VII plaintiff is required only to "allege[] facts that plausibly state a violation of Title VII 'above a speculative level.'" Id. (quoting Coleman

3

v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010)). However, factual allegations constituting only "a 'formulaic recitation' of the necessary elements [] 'are no more than conclusions' and therefore" insufficient to defeat a motion to dismiss. McCleary-Evans v. Md. Dept. of Transp., 780 F.3d 582, 585 (4th Cir. 2015) (quoting Iqbal, 556 U.S. at 678–79).

### III. DISCUSSION

Here, the Plaintiff asserts two causes of action under Title VII: discrimination and retaliation. ECF No. 1-1. Both appear to revolve around two factual allegations, which the Court assumes to be true and views in a light most favorable to the Plaintiff. See Edwards, 178 F.3d at 243–44. First, the Plaintiff states one of the Defendant's human resources employees attempted to force the Plaintiff "to write a statement to fit" a workplace complaint that had been filed against her, allegedly as retaliation for the Plaintiff initiating internal disciplinary proceedings against a coworker "for cursing out" the Plaintiff. ECF No. 1-1 at 2–3. Second, the Plaintiff proffers her supervisor discriminated and retaliated against her when she asked for a raise by "writing up a disciplinary action . . . for a bad email," and putting her on paid suspension. Id. at 3. Additionally, the Plaintiff generally alleges the existence of "[s]everal other instances where [the Defendant] discriminated and retaliated against [her]." Id.

In its Motion to Dismiss, the Defendant argues the Plaintiff's complaint fails to state a claim upon which relief can be granted. ECF No. 8-1 at 4. Specifically, the Defendant avers the complaint "is thin on facts generally" and fails to allege "any plausible basis to suggest racial motivation or other discriminatory bias" for either of the Plaintiff's causes of action. Id. Rather, the Defendant contends the complaint merely contains various,

4

insufficient "defendant-unlawfully-harmed-me accusation[s]." Id. at 5 (quoting Iqbal, 556 U.S. at 678).

In her response, the Plaintiff asserts the Defendant "is creating 'confusion' . . . because [it] is unable to keep up [with] covering up [its] discriminat[ion] against [the Plaintiff.]" ECF No. 35 at 2. In support, the Plaintiff seemingly attempts to provide more detail regarding her factual allegations. See id. at 2–3. Specifically, the Plaintiff describes three conversations with various supervisors wherein she appears to contend she was required to perform duties outside of those warranted by her position. See id.

In its reply, the Defendant argues nothing presented in the Plaintiff's response provides additional support to the Plaintiff's causes of action. ECF No. 38 at 3. In the Defendant's view, the "Plaintiff's decision not to respond to [the Defendant's] arguments [presented in its Motion to Dismiss] is further demonstrative of her inability to state a claim upon which relief may be granted." Id. at 5. Thus, the Defendant ultimately contends "[the Plaintiff's] response does not refute the reality that her [c]omplaint lacks sufficient facts to give rise to a plausible claim for discrimination" or retaliation. Id. at 4.

Below, the Court addresses each cause of action in turn. Ultimately, the Court holds the Plaintiff's complaint, even construed liberally, fails to state a claim upon which relief can be granted and must be dismissed.

A. Discrimination

As to the Plaintiff's discrimination cause of action, Title VII prohibits an employer from "discriminat[ing] against [an employee] with respect to [the employee's] compensation, terms, conditions, or privileges of employment, because of [the employee's] race[.]" 42 U.S.C. § 2000e-2(a)(1).

Therefore, the question before the Court is whether the Plaintiff's complaint alleges facts that plausibly state, above a speculative level, that the Defendant discriminated against the Plaintiff because of her race. Bing, 959 F.3d at 616 (quoting Swierkiewicz, 534 U.S. at 515; Coleman, 626 F.3d at 190). Finding the Plaintiff's factual allegations amount only to conclusions, the Court answers that question in the negative. Consequently, the Plaintiff's discrimination cause of action, even construed liberally, fails to state a claim upon which relief can be granted and must be dismissed.

As noted above, factual allegations constituting only "a 'formulaic recitation' of the necessary elements [] 'are no more than conclusions' and therefore" insufficient to defeat a motion to dismiss. McCleary-Evans, 780 F.3d at 585 (quoting Iqbal, 556 U.S. at 678–79). Here, the Court finds the Plaintiff's factual allegations are precisely such a recitation. "To be sure, [the Plaintiff] repeatedly allege[s] that the [Defendant] [discriminated against her because of her race]." Id.; see, e.g., ECF No. 1-1 at 1, 3. However, "those 'naked' allegations . . . 'are no more than conclusions[.]'" Id. Indeed, as the Defendant highlights, the "Plaintiff fails to allege any fact that connects any alleged misconduct to her race and simply concludes that she was discriminated against because she is African American." ECF No. 8-1 at 5. Without more, "the complaint's allegations of race discrimination do not rise above [a speculative level]." Coleman, 626 F.3d at 191.

Thus, the Plaintiff's discrimination cause of action asserts no "more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Cf. Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555). Consequently, the Court holds the Plaintiff's discrimination cause of action, even construed liberally, fails to state a claim upon which relief can be granted and must be dismissed.

B. Retaliation

As to the Plaintiff's retaliation cause of action, Title VII proscribes an employer retaliating against an employee for that employee having engaged in a protected activity. 42 U.S.C. § 2000e-3(a); see also Bryant v. Aiken Reg'l Med. Ctrs. Inc., 333 F.3d 536, 543 (4th Cir. 2003).

Therefore, the question before the Court is whether the Plaintiff's complaint alleges facts that plausibly state, above a speculative level, that the Defendant retaliated against her for having engaged in a protected activity. Bing, 959 F.3d at 616 (quoting Swierkiewicz, 534 U.S. at 515; Coleman, 626 F.3d at 190). Finding the Plaintiff's complaint fails to sufficiently allege she engaged in a protected activity, the Court answers that question in the negative. Consequently, the Plaintiff's retaliation cause of action, even construed liberally, fails to state a claim upon which relief can be granted and must be dismissed.

Protected activities under Title VII are divided into two categories: participation and opposition. Laughlin v. Metro. Wash. Airports Auth., 149 F.3d 253, 255 (4th Cir. 1998). Participation activities "are outlined in the statute: (1) making a charge; (2) testifying; (3) assisting; or (4) participating in any manner in an investigation, proceeding, or hearing under Title VII." Id. at 259 (citing 42 U.S.C. § 2000e-3(a)). In contrast, opposition activities include a much broader range of actions taken by an employee in opposition to a discriminatory practice of their employer. Id. Examples include "utilizing informal grievance procedures as well as staging informal protests and voicing one's opinions in order to bring attention *to an employer's* discriminatory activities." Id. (emphasis added). "[T]he touchstone [of opposition activity] is whether the plaintiff's course of conduct *as a*

7

*whole* [] 'communicates to [their] employer a belief *that the employer* has engaged in . . . a form of employment discrimination[.]'" DeMasters v. Carilion Clinic, 796 F.3d 409, 418 (4th Cir. 2015) (emphasis added) (quoting Crawford v. Metro. Gov't of Nashville & Davidson Cnty., 555 U.S. 271, 276 (2009)).

Here, the Court finds the Plaintiff's complaint fails to sufficiently allege she engaged in a protected activity of either category. Construed liberally, the Plaintiff asserts the Defendant retaliated against her as a consequence for two actions she took: initiating internal disciplinary proceedings against her coworker and asking for a raise. ECF No. 1-1 at 2–3. First, neither action involves "an investigation, proceeding, or hearing under Title VII," which precludes categorizing either as a participation activity. See Laughlin, 149 F.3d at 259 (citing 42 U.S.C. § 2000e-3(a)). As for opposition activity, the Plaintiff makes no allegation that she took either action in opposition to a discriminatory practice of the Defendant's. Indeed, the Plaintiff's actions communicate essentially nothing about any "belief *that the employer* has engaged in . . . a form of employment discrimination[.]'" Id. (emphasis added) (quoting Crawford, 555 U.S. at 276). Rather, initiating internal disciplinary proceedings and asking for a raise both seemingly communicate the opposite—i.e., confidence in the employer's ability and willingness to address the issue. Therefore, the Court finds both actions do not constitute opposition activity because they lack the "touchstone" thereof. See DeMasters, 796 F.3d at 418.

Thus, because the Plaintiff's complaint fails to sufficiently allege she engaged in a protected activity of either category, "her [retaliation cause of action] fails as a matter of law." Laughlin, 149 F.3d at 259. Consequently, the Court holds the Plaintiff's retaliation

cause of action, even construed liberally, fails to state a claim upon which relief can be granted and must be dismissed.

## IV. CONCLUSION

For the above reasons, the Plaintiff's complaint fails to state a claim upon which relief can be granted. Accordingly, the Defendant's Motion to Dismiss Plaintiff's Complaint [ECF No. 8] is **GRANTED**, and this case is hereby **DISMISSED**.

The Clerk of Court is **DIRECTED** to **STRIKE** this case from the Court's active docket.

The Clerk is **FURTHER DIRECTED** to transmit a copy of this Order to all counsel of record herein and to the *pro se* Plaintiff by certified mail, return receipt requested, at her last known address as reflected in the docket sheet.

**DATED**: June 26, 2024

GINA M. GROH
UNITED STATES DISTRICT JUDGE